## I. J. BELKNAP V. ASA STEWART.

FILED NOVEMBER 8, 1893.    No. 4970.

1. **Husband and Wife:** LIABILITY OF HUSBAND TO THIRD PERSON FOR WIFE'S BOARD AND LODGING: EVIDENCE. The findings and judgment of a court granting a wife a decree of divorce from her husband on the grounds of extreme cruelty are not competent evidence to prove that she was justified in leaving her husband's home and living apart from him, in an action brought by a third person against the husband for boarding and lodging the wife.

2. ———: ———: ———. In the absence of a special promise of the husband to pay for the board and lodging of his wife, living apart from him, he will not be responsible therefor, unless she lived separate from him by his consent, or his conduct was such as to justify her in leaving his bed and board. *Schnuckle v. Bierman*, 89 Ill., 454, approved.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

The facts are stated in the opinion.

*Pound & Burr*, for plaintiff in error:

The findings and decree in the divorce suit were conclusive evidence of cruelty of the husband, and competent evidence that the wife had just cause to leave her husband's house and board and lodge with plaintiff. The divorce suit was a proceeding *in rem*, and the findings and decree therein are binding and conclusive upon strangers and third persons as well as upon parties to the suit. (1 Greenleaf, Evidence, secs. 525, 543; Freeman, Judgments, sec.

610; 2 Smith's Leading Cases, 670; 2 Bishop, Marriage, Divorce, and Separation, secs. 20, 23, 27; 2 Black, Judgments, secs. 612, 795, 803, 822, 925; *Burlen v. Shannon*, 3 Gray [Mass.], 387, 389; *Ennis v. Smith*, 14 How. [U. S.], 400, 430; *In re Newman*, 75 Cal., 213; *Gould v. Crow*, 57 Mo., 200; *Monroe v. Douglas*, 4 Sandf. Ch. [N. Y.], 134; *Grant v. M'Lachlin*, 4 Johns. [N. Y.], 34; *State v. Central P. R. Co.*, 10 Nev., 80; *Barrow v. West*, 23 Pick. [Mass.], 270; *McCarthy v. Marsh*, 5 N. Y., 263; *Pennoyer v. Neff*, 95 U. S., 734; *Gelston v. Hoyt*, 16 U. S., 277; *Sturtevant v. Randall*, 53 Me., 149; *Blad v. Bamfield*, 3 Swanst. [Eng.], 604; *Tarleton v. Tarleton*, 4 M. & S. [Eng.], 20; *Robinson v. Jones*, 8 Mass., 536; *Vandenheuvel v. United Ins. Co.*, 2 Caine's Cases [N. Y.], 217.)

A sentence of a matrimonial court is binding as a judgment *in rem*, and as such conclusive upon all persons in all countries. (Freeman, Judgments, sec. 610; 2 Smith's Leading Cases, 670; 2 Black, Judgments, sec. 926.)

Pending divorce suit the husband is liable, the same as though it were not in progress, to any third person who may supply the wife with necessaries, he not having provided them himself. (2 Bishop, Marriage, Divorce, and Separation, sec. 961; *Keegan v. Smith*, 5 B. & C. [Eng.], 375; *Sykes v. Halstead*, 1 Sandf. [N. Y.], 483; *Dowe v. Smith*, 11 Allen [Mass.], 107; *Johnston v. Allen*, 39 How. Pr. [N. Y.], 506.)

*Sawyer & Snell, contra:*

The decree in the divorce suit was not admissible, because it was not between the same parties. In that case it was the wife against the husband. In the present, it is a person who furnished the wife with necessaries, against the husband. Both parties must be bound by a judgment or neither. The operation must be mutual. (*Burlen v. Shannon*, 3 Gray [Mass.], 387; *Bigelow v. Windsor*, 1 Gray [Mass.], 299; *Helphrey v. Redick*, 21 Neb., 83.)

RAGAN, C.

Belknap sued Stewart in the district court of Lancaster county, alleging in his petition "That on the 17th day of September, 1889, Anna R. Stewart, wife of the defendant, commenced boarding and lodging at plaintiff's house, and continued to board and lodge with plaintiff until the 31st day of December 1889; that said defendant caused the said Anna R. Stewart, his wife, to leave the home of the defendant, and that she was obliged to leave. said defendant's home on or about said 17th day of September; that the defendant agreed to pay for said board and lodging what the same was reasonably worth, and that said board and lodging were reasonably worth the sum of $4.50 per week. No part of the same had been paid, and there was due the plaintiff from the defendant the sum of $———." Stewart's answer to this petition, so far as we notice it, was (1) a general denial of all the allegations of the petition; (2) that at all the times mentioned in plaintiff's petition he was the owner of, and in possession of, a comfortable home in the city of Lincoln, which he had provided with suitable provisions and board, all of which were free to the said Anna R. Stewart; and that if she procured board of the plaintiff, she did it without the consent of the defendant, and wholly upon her own responsibility. Stewart had a verdict and judgment, and Belknap brings the case here.

From the record before us it appears that on the 22d of September, 1889, Stewart's wife left his home and began boarding and lodging with Belknap, and so continued until December 31, 1889. Two days after Stewart's wife left him she began a suit against him for divorce on the grounds of extreme cruelty, and some time afterwards obtained a decree of divorce on those grounds. On the trial of this case the pleadings, findings, decree, and all the other proceedings in the divorce case were, without objection,

read in evidence to the jury by Belknap's counsel.   When the court came to charge the jury he excluded from their consideration all these pleadings and proceedings in the divorce suit.   This action of the court is one of the errors assigned here by Belknap.   The court was entirely right in so excluding them from the jury's consideration.   They should not have been admitted in the first place.   The object of using these divorce proceedings and decree as evidence in this case was to establish, conclusively, the fact that Mrs. Stewart, by reason of her husband's extreme cruelty towards her, had just cause for leaving his home, and that she therefore carried her husband's credit with her.   But were the divorce proceedings and decree competent evidence in the case at bar for such purpose?  We think not.

*Burlen v. Shannon*, 3 Gray [Mass.], 388, was a suit by a third party against the husband for necessaries furnished the wife.   The court said: "The decree of divorce was not competent evidence, because it was not between the same parties.   In that case it was the wife against the husband; in the present, it is a person who has furnished the wife with necessaries and he sues the husband.   It has been argued that a direct adjudication of a court having a peculiar jurisdiction on the subject of marriage and divorce, like a decree in a process *in rem*, is conclusive and binding upon all persons having to establish or contest the conclusions of fact determined by it.   We have no doubt that this court has a peculiar jurisdiction on the subject of marriage and divorce, and that a decree upon a libel for divorce directly determining the status of the parties, that is, whether two persons are or are not husband and wife; or, if they have been husband and wife, that such a decree divorcing them, *a vinculo* or *a mensa*, would be conclusive of the fact, in all courts and everywhere, that they are so divorced.   If it were alleged that a marriage were absolutely void as being within the degrees of consanguinity, a decree of this court, on a libel by

one of the parties against the other, adjudging the marriage
to be void or valid, would be conclusive everywhere. * *
The legal social relation and condition of the parties as
being husband and wife or otherwise, divorced or otherwise,
is what we understand by the term 'status.' To this extent
the decree in question had its full effect by which every
party is bound. * * * Beyond this legal effect in a
judgment in a case of divorce,—that of determining the
status of the parties,—the law applies as in other judicial
proceedings, that a judgment is not evidence in another
suit, except in a case in which the same parties or their
privies are litigating in regard to the same subject of con-
troversy.

"But it is contended that there was a privity between
the party suing for necessaries furnished the wife and the
wife herself, so as to make the judgment in a former suit
by the wife against the husband evidence in plaintiff's suit
against him. But the case is not within any of the defini-
tions of privity, either in law or in fact, known and recog-
nized by the rules of the law. In regard to the rights sued
for in this action, this plaintiff does not claim the same
right or interest which the wife could claim as privy in con-
tract or in blood, or in estate. The relation of the wife
was much more nearly that of an agent having an au-
thority to bind the defendant by a contract. * * * No
judgment in a suit between such agent and the defendant
can be evidence. One test to decide whether a judgment is
admissible as between privies is to inquire whether it would
be mutual. Both of the litigants must be alike concluded
or the proceedings cannot be set up as conclusive upon
either.

"This rule, that a judgment must be between the same
parties or their privies, is to be construed strictly to mean
parties claiming under the same title. The present plaint-
iff could not in any form have appeared in the suit for di-
vorce or taken any part in the trial, or put any question to

a witness, or appealed from the judgment. * * * A judgment or judicial determination is conclusive even between the parties as evidence only of what is directly put in issue and tried, not of the collateral and incidental facts which are involved in the discussion, but not embraced in the decree.

"The decree in question does not directly bear upon the fact whether the wife was justified in absenting herself from her husband's house, or whether in fact she did absent herself. * * * She may have suffered extreme cruelty, and yet not absented herself from her husband's house; and so, *vice versa*, she may have been placed in such a condition of suffering or danger as would render it justifiable to leave her husband's house without having suffered extreme cruelty."

This case is directly in point here, and we approve both of the reasoning and the conclusion thereof. It follows that the court did not err in taking the divorce proceedings from the consideration of the jury.

Another error alleged here by Belknap is the refusal of the court to give to the jury the following instruction: "The jury are instructed that if they find from the evidence that said defendant Asa Stewart and his wife, Anna Stewart, had due and regular trial in the action for a divorce in this court before the Honorable Allen W. Field, and that in that action the said court made findings of fact as follows: 'Finds that the plaintiff and defendant were duly married at the city of Keokuk, state of Iowa, on the 7th day of November, 1865, as set forth in said petition, and that ever since said marriage plaintiff has conducted herself towards the defendant as a faithful, chaste, and obedient wife; finds that the defendant has been guilty of extreme cruelty towards the plaintiff as in her petition alleged, and all without just cause or provocation,' then you are instructed that said defendant Asa Stewart is bound and concluded by such findings of the court in said action for a divorce."

What has already been said disposes of this assignment. Had the court permitted the divorce proceedings to remain before the jury, it would have been error to give this instruction.

Another error alleged is: "On the trial of this case, the rules of evidence seem to have been entirely disregarded, as leading questions were allowed to be asked Stewart as a witness." The record discloses that Stewart was afflicted with paralysis, and in order to elicit anything from him it seems to have been necessary to so frame questions that he could answer in monosyllables. The court did not err in permitting leading questions to be propounded to this witness. There were two issues in this case: (1) Did Mrs. Stewart have such cause for leaving her husband's home as to render him liable for her support by Belknap? (2) Did Belknap furnish Mrs. Stewart board and lodging on her own credit or on the credit of her husband? There is evidence in the record to support the finding of the jury in Stewart's favor on both these issues. The correct rule undoubtedly in such cases as the one at bar is, in the absence of any special promise of the husband to pay for the board and lodging of his wife living apart from him, he will not be responsible therefor, unless she was living separate from him by his consent, or his conduct was such as to justify her in leaving his bed and board. (*Schnuckle v. Bierman*, 89 Ill., 454.) There is no evidence in the record that Stewart ever promised to pay his wife's board and lodging, nor is there any evidence that she lived apart from him by his consent.

There is no error in the record and the judgment of the district court is

AFFIRMED.