## NANCY C. MILLER
## v.
## DAVIS & McKINNEY.

*Sales to Minor—When Parent Liable Therefor.*

Where a dealer sells goods to a minor without authority from the parent, he can not recover for the same from the parent, even though the goods may be regarded as necessaries, unless it appears that the parent has refused to supply the child with the needed articles.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. CHARLES S. HARRIS, for appellant.

Mr. J. L. WELLES, for appellees.

MR. JUSTICE LACEY. This was a suit originally com-
menced before a justice by the appellees against appellant
to recover for a bill of goods furnished the minor daughter
of the appellant, while the latter, without appellant's con-
sent, was residing away from home. After trial and judg-
ment in the justice court the case was appealed to the
Circuit Court and there tried before the court and a jury,
resulting in a verdict and judgment in favor of the appellees
for the sum of $11.

It appears from the evidence that appellees were dry
goods retail merchants doing business in Maquon, and that
Dell, the fifteen-year-old daughter of appellant, purchased a
bill of dry goods from the appellees on her own account,
which was known to the appellees, to the amount of the re-
covery, or more than that. At the time, the girl was living
away from home, having left, as she testified, because her
mother, then a widow, was about to marry Dan C. Miller,
her present husband, her name then being Tucker, and the
girl did not like Miller and did not want her mother to
marry him, and that she had heard of improper relations
between Miller and her mother. It appears clear enough
that the minor needed the articles and that they were
suitable to her condition in life. But the evidence fails to
show that the appellant either drove her daughter from
home or refused to supply her clothing and necessaries as
far as her means allowed, or that she went away with her
consent. On the contrary she testified that her daughter
left home against her will, and that if she had stayed at home
she would have " clothed her all right; " that if she had
needed goods appellant would have bought them, and if she
hadn't needed them she would have made her take them
back if she had known of the purchase. The appellant also
testified that she never gave the appellees any authority to
sell goods to her children. The evidence fails to show that
appellant had either driven the minor away from home or
had refused to supply her wants.

In this attitude of the case, the court, against the objec-
tion and exception of the appellant, gave to the jury the fol-
lowing instruction, viz.: " 1.   The court instructs the jury

for the plaintiffs that if you believe from the preponderance
of the evidence that the plaintiffs furnished the goods to the
minor daughter of defendant and said goods were neces-
saries as wearing apparel, then your verdict must be for the
plaintiff for the amount of said bill, and this even though
you believe from the evidence the defendant never author-
ized the plaintiffs to let her daughter have said goods."

This was clearly erroneous. It is a well established doc-
trine in this State, that " an express promise, or circumstances
from which a promise by the father can be inferred, are in-
dispensably necessary to bind the parent for necessaries
furnished his infant child by a third person;" and " where
the father has supplied his minor son with necessaries or is
ready to supply them, he can not be bound by a contract
which the son may make with a third party, although the
goods purchased may be regarded as necessaries." Johnson
v. Smallwood, 88 Ill. 73. The above instruction eliminates
from the jury all question as to whether the appellant, either
expressly or impliedly, promised to pay for the goods or in
any way authorized the appellees to sell them to the minor.
It is immaterial, according to the above instruction, whether
the minor was driven away from home or not, or whether
she had justifiable cause to leave, or whether appellant was
ready and willing to supply the minor's wants. The instruc-
tion authorized a recovery from the mere fact of the mi-
nority, the furnishing the goods by appellee to the minor,
and that they were necessary, without regard to any author-
ity from the parent, express or implied. It does not matter
that other instructions were given that properly laid down
the law, or that such proper instructions were given on the
part of the appellant. The above instruction covered the
entire case and was erroneous. The jury may have fol-
lowed it instead of another proper one, and no instruction
informed the jury that the instruction complained of was
not to be followed. It was very explicit in directing appel-
lees' right to recover on the hypothesis given.

The judgment of the court below is reversed and the
cause remanded.      *Judgment reversed and remanded.*