## Miller v. Davis & McKinney.

1. *Instructions—Liability of Parent for the Debt of a Child.*—An instruction which st1tes that if the jury believe from the evidence that the plaintiff sold the minor child of the defendant articles of clothing, and that the same were necessaries suitable to the condition of said child, and that the defendant authorized the plaintiff to sell and furnish her minor child with goods on her credit, by either direct instructions or by circumstances which would lead a reasonable man to infer that the defendant would pay for the goods, then the verdict must be for plaintiff, is erroneous. Parents often pay debts improvidently made by children when there is no legal obligation to do so. It is sometimes done from a spirit of pride and sometimes to prevent unpleasant consequences; under such circumstances a reasonable man might infer that a parent would pay.

2. *Parent and Child—Parent's Liability.*—Where a child resides away from home without the consent of its parent, in order to hold the parent for goods furnished, an express promise must be proven or the facts and circumstances must be such that a promise can be inferred.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Knox County; the Hon. Arthur A. Smith, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

Appellant's Brief, J. A. McKenzie and Prince & Welsh, Attorneys.

There must be, in order to bind the parent, an express promise proven, or the facts and circumstances must be such that a promise can be inferred. Hunt v. Thompson, 3 Scam. 179; McMillen v. Lee, 78 Ill. 443; Schnuckle v. Bierman, 89 Ill. 454; Gotts v. Clark, 78 Ill. 229; Murphy v. Ottenheimer, 84 Ill. 39; Allen v. Jacobi, 14 Brad. 277.

J. L. Welles, attorney for appellees.

Opinion of the Court, Harker, P. J.

This suit was commenced before a justice of the peace by appellees to recover for goods furnished appellant's minor

daughter while the latter, without consent of appellant, was residing away from home. There was a trial and judgment before the justice, and an appeal taken to the Circuit Court. A trial there resulted in a verdict and judgment in favor of appellees for $11. An appeal was prosecuted to this court and the judgment reversed because of an erroneous instruction. Miller v. Davis & McKinney, 45 Ill. App. 447.

For a statement of the facts we refer to the opinion there reported.

The case was tried after being remanded by us, and a verdict and judgment rendered in favor of appellees for $21.80. It is plain from the evidence that the goods were obtained without the consent or knowledge of appellant. A recovery was sought at the last trial because appellant, a few years before the goods were furnished the daughter, told one of the appellees that whatever her children should get at their store she would pay for, being satisfied, as she said, that they would get nothing not needed by them. Appellant denied making such statement.

Much as we dislike to disturb the judgment, because of the insignificant sum recovered and the unimportance of the question involved, we are compelled to do so, because of the following erroneous instructions given for the plaintiffs:

1. The court instructs the jury that if they believe from the preponderance of the evidence that the plaintiffs sold the minor child of the defendant certain articles of clothing and that the same were necessaries suitable to the condition of said minor child, and if they further believe from the evidence that the defendant authorized plaintiff to sell and furnish her minor children with goods on her credit by either direct instructions or by circumstances which would lead a reasonable man to infer that the defendant would pay for said goods, then your verdict must be for plaintiffs for the amount proven to be due.

Where the child resides from home without the consent of the parent, in order to hold the parent for goods furnished, an express promise must be proven or the facts and circumstances must be such that a promise can be inferred. There

is a difference between circumstances from which a promise may be inferred and circumstances that would lead a reasonable man to believe the goods would be paid for. Parents often pay debts improvidently made by children when there is no legal obligation to do so. It is sometimes done from a spirit of pride and sometimes to prevent unpleasant consequences following the child. Under such circumstances a reasonable man would be led to infer that the parent would pay.

We see no other substantial error.

Reversed and remanded.