## Nancy C. Miller v. Davis & McKinney.

1. VERDICTS—*On Conflicting Evidence, Conclusive.*—When the evidence is conflicting it is the province of the jury to determine where the truth is.

**Assumpsit,** for goods sold, etc. Appeal from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

PRINCE & WELCH, attorneys for appellant.

J. L. WELLS and A. M. BROWN, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellees, dry goods merchants, to recover for goods furnished appellant's minor daughter. It has been here twice before, on appeals from judgments of the Circuit Court in favor of appellees. See Miller v. Davis & McKinney, 45 Ill. App. 447, and 49 Ill. App. 337. Each time the judgment was reversed because of erroneous instructions.

In the last and third trial appellees recovered a judgment for $21.80, the same amount as that recovered on the second trial.

No errors were committed during the progress of the last trial, and a reversal is asked solely because the verdict is against the law and the evidence.

The evidence shows that the goods were obtained by the girl without the knowledge of appellant. She was living apart from her mother at the time, but one of the firm, McKinney, testified that some months before the girl purchased the goods, appellant told him that her children were all good children and that it would be all right to let them have what goods they wanted, and that it was upon the strength of that statement that the goods were furnished.

Appellant denied making such statement, and she was corroborated to some extent by her son.   In this conflict it was the peculiar province of the jury to decide where the truth was.   We are not prepared to say they were wrong, especially as they decided as two juries had before them.

· It is high time the litigation over so small a matter end, and we now end it by affirming the judgment.   Judgment affirmed.