SAMUEL HUNT, appellant, v. JOHN THOMPSON, appellee.

*Appeal from Morgan.*

A parent is under a natural obligation to provide for the maintainance of his infant child, but there is no rule of municipal law enforcing this duty.

An express promise, or circumstances from which a promise by the father can be inferred, are indispensably necessary to bind the parent for necessaries furnished his infant child, by a third person.

A child, by voluntarily abandoning the home of his father, or remaining abroad, against his consent, forfeits his claim to support, and those who credit him, even for necessaries, must look to him for payment; and it is no excuse that such persons were not aware that the child was acting contrary to the will of the father; for it is the duty of those who give credit to an infant, to know his precise situation, at their peril.

*Semble,* That where by the command of the father, his son remains abroad until additional clothes become necessary, and he neglects to provide them; an authority, in one who should supply his omission of duty, might well be presumed.

THIS cause was heard in the Morgan Circuit Court, before the Hon. Wm. Thomas, without a jury, at the July term, 1840. Judgment was rendered for the defendant, and the plaintiff appealed to this Court.

J. BERDAN and M. McCONNEL, for the appellant.

W. BROWN, for the appellee.

WILSON, Chief Justice, delivered the opinion of the (old) Court:

This is an action against the father, for clothes furnished his infant son, under the following circumstances, as appears from the bill of exceptions. In the fall of 1838, the son, with the approbation of his father, who resided in Kentucky, came to Jacksonville, in this State, upon a visit to his friends in that vicinity. He was suitably provided with apparel for the occasion; but before the next spring, to which time he prolonged his visit, his clothes became considerably worn, and some of them too small, and the plaintiff made him a suit of clothes, for which this action is brought. It also appears, that the youth did not live with his friends, but took boarding at a tavern in Jacksonville, and contracted this and other debts, which his friends considered extravagant, and of which they informed his father, who immediately gave notice, by letters, that he would not pay his son's debts; but it does not appear that the plaintiff in the Court below had notice of this fact. Heretofore the father had always furnished his son with clothes suitable to his circumstances, which were easy.

Upon this evidence, the case was submitted to the decision of the Court, without the intervention of a jury, and judgment was given against the plaintiff; to reverse which this appeal is prosecuted.

That a parent is under an obligation to provide for the maintainance of his infant children, is a principle of natural law; and it is upon this natural obligation alone, that the duty of a parent to provide his infant children with the necessaries of life rests; for there is no rule of municipal law enforcing this duty. The claim of the wife upon the husband, for necessaries suitable to his rank and fortune, is recognised by the principles of the common law, and by statute. A like claim, to some extent, may be enforced in favor of indigent and infirm parents, and other relatives, against children, &c., in many cases; but, as a general rule, the obligation of a parent to provide for his offspring, is left to the natural and inextinguishable affection which Providence has implanted in the breast of every parent. This natural obligation, however, is not only a sufficient consideration for an express promise by a father to pay for necessaries furnished his child, but when taken in connexion with various circumstances, has been held to be sufficient to raise an implied promise to that effect. But either an express promise, or circumstances from which a promise by the father can be inferred, are indispensably necessary to bind the parent for necessaries, furnished his infant child by a third person.

In this case, it is not pretended that the defendant gave any express authority for, or sanction to the contract with the plaintiff. What, then, are the circumstances from which such authority can be inferred? Certainly not from the bare circumstance that the

Hunt *v.* Thompson.

son was in want of the clothes, and that they were suitable to the fortune and condition in life of the father. To sanction such a doctrine, would, in numerous instances, which can be readily imagined, subject a parent to the payment of the debts of a prodigal son, contracted without his approbation, and even against his will. Where the child lives with the parent, who takes upon himself the office of ministering to his necessities, even though his provision should be inadequate, yet he would not be liable to another who might supply the deficiency, because the undertaking of the parent excludes the idea of authority in another, and the law will not sanction the interference of a stranger with parental authority or economy. And if the son is not to be regarded as a member of his father's family, while staying at Jacksonville, then in order to render the father liable for clothes furnished him, it should be shown that his prolonged residence, which rendered the clothes necessary, was at the instance of the father; for a child, by voluntarily abandoning the home of his father, or remaining abroad against his consent, forfeits his claim to support, and those who credit him, even for necessaries, must look to him for payment; and it is no excuse that such persons were not aware that the child was acting contrary to the will of the father; for it is the duty of those who give credit to an infant, to know his precise situation, at their peril. If it had been proved that it was by the command of the defendant, that this son remained abroad until additional clothes became necessary, and he neglected to provide them; an authority in one who should supply his omission of duty, might well be presumed, as the necessity was occasioned by his own act. But no such exercise of authority, on the part of the father, is shown; nor is it reasonable to presume, that because he allowed a son between 15 and 18 years of age, to visit his friends, that he gave him authority to take boarding at a tavern, for five or six months, and until he should outgrow his clothes, or wear them out, and then purchase others at will. The fact that the defendant had previously provided his son with sufficient apparel, and that he was not informed of any deficiency at the time referred to, not only exhonerates him from the imputation of a dereliction of duty, but affords a strong presumption that it was not with his approbation that his son remained abroad until he became destitute of clothes. Another circumstance against the imputation of authority to furnish the son with clothes, on the credit of his father, is, that so soon as he was informed of the conduct of his son, by his friends, who considered it extravagant and improper, he notified them that he would not be answerable for his debts.

It is the acts of the parent, and not those of the infant, that are to be looked to as affording a presumption of authority that will render him liable; and the acts of the defendant, not having been such as to justify an inference of authority from him to the plaintiff,

to supply the goods sued for, he cannot be made answerable for the price of them.

The judgment below is therefore affirmed.

*Judgment affirmed.*