## SAMUEL GOTTS

*v.*

## BARRETT B. CLARK.

1. LIABILITY *of husband for goods sold to the wife.* Where goods necessary and suitable to the position in life of a wife are sold to her, on the credit of her husband, and charged to him, a jury will be justified in finding that the wife was the agent of the husband to make the purchase.

2. MINORS —*father of, not liable for goods sold.* An express promise, or circumstances from which a promise may be inferred, must be proven before the father can be made liable for goods sold and delivered to his minor child.

3. Goods which were necessary to the comfort of a minor daughter of the defendant, were sold to her whilst she was living away from home, and receiving her own wages, and charged to the father: *Held,* that the father was not liable.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Mr. W. S. MYERS, and Mr. L. S. PARKER, for the appellant.

Messrs. BARBER & LOGAN, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by plaintiff, to recover of defendant the value of goods sold and delivered to defendant's wife and minor daughter. So far as the goods sold to defendant's wife are concerned, we see no reason why he should not pay for them. The evidence shows he is a man of considerable wealth ; that the goods purchased were necessary and suitable to his wife's position in life, and under the circumstances proven the jury were justified in their finding, that she was his agent to make the purchases.

It is with great reluctance, however, that we reverse the judgment as to the articles sold to defendant's minor daughter.

The goods bought by her were of little value—were such as she needed, and without which the evidence shows she had not enough to make herself comfortable.

But defendant has a technical defense to the action, so far as it is sought to recover for goods sold to his daughter, of which he is willing to avail. When she made the purchases, she was living away from his home, was working for wages, and was receiving the benefit of her own labor. No reason is shown why she did not live at her father's house, and had she done so, the presumption will be indulged, whether well founded or not, he would have supplied her with necessaries suitable to her station in life. At all events, the circumstances proven will not justify the inference she had authority to buy the goods on the credit of defendant. An express promise, or circumstances from which a promise may be inferred, must be proven before a father can be charged for goods sold and delivered to his minor child, by a third party. Neither has been proven in this case. *Hunt* v. *Thompson*, 3 Scam. 179.

Appellant has printed in full the transcript of the record. Of course he will be allowed no costs for it, but only for the abstracts, which are quite full enough to present all the points in the case.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*