JAMES McMILLEN

*v.*

JOSEPH LEE.

1. PARENT AND CHILD—*liability of parent to pay for necessaries furnished his infant child by a third person.* Either an express promise, or circumstances from which a promise by the father can be inferred, is essential, in all cases, to bind him for necessaries furnished his infant child by a third person.

2. Where the father and mother separate by mutual consent, and the father permits the mother to take the children with her, then the father constitutes the mother his agent to provide for his children, and is bound by her contracts for necessaries for them.

3. INSTRUCTIONS. In a suit brought by a physician against the father, for medical attendance on his infant child, it is wrong to instruct the jury that the father is liable, if the services rendered were necessary, without reference to any promise, express or implied. But if the evidence was such as to leave no doubt that there was an implied promise, and the jury were distinctly instructed, on behalf of the defendant, that there must

have been a promise, express or implied, the defect in the instruction would do the defendant no such harm as to require a reversal of the judgment.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. PORTER & MOSHER, for the appellant.

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action to recover for medical services of the value of $57, rendered to a child of the wife of the defendant, the mother, with the child, at the time, living separate and apart from her husband.

The plaintiff recovered in the court below.

The only question made is, whether, under the circumstances, the husband of the mother of the child is liable to the physician for the services thus rendered. That the services were necessary for the child, is not disputed. They were not rendered upon employment by the defendant, nor was there any express promise on his part to pay for them. The evidence shows that, at the time, the mother, with the child, was living with one Allard, as his house-keeper; that he was to pay her so much a week, and keep the child as part of his family; that Allard called in the plaintiff, saying that a woman there had a very sick child, which she wanted plaintiff to come in and see. The precise manner and reason of the husband and wife becoming separated and living thus apart, whether by mutual arrangement or not, does not expressly appear. Defendant testified that the first separation, the one in question, was made on account of this child; that the wife said it was not defendant's child, and that she would take it and keep it. It appears that they subsequently lived together again, some year and a half, and again separated. We think the testimony will admit of the inference that the

living apart of the parties as they did, was by mutual consent.

In that case, we consider the principle as laid down in 1 Parsons on Contracts, 307, would apply here : that, where the father and mother separate, and the father permits the mother to take the children with her, then the father constitutes the mother his agent to provide for his children, and is bound by her contract for necessaries for them.

The evidence supports the verdict.

Objection is taken to the giving of this instruction for the plaintiff :

" The court instructs the jury that the law does not require that there should be an express promise by a father to pay for medical services rendered to his child, in order that he should be made liable therefor, but that, if such services were necessary for the child, or that are rendered under circumstances sufficient to raise an implied promise, then the law implies a promise on the part of the father, on account of his relationship, to pay for the same ; and if, from the evidence in this case, the jury believe that the services rendered by plaintiff were necessary for the child doctored, which was a child born of defendant's wife during the time they were legal husband and wife, and living, before and after its birth, with defendant, then the jury will find for the plaintiff, and assess his damages at the sum the plaintiff's services have been shown to be worth."

We recognize the law to be, as claimed by the appellant, that either an express promise, or circumstances from which a promise by the father can be inferred, are necessary, in all cases, to bind the parent for necessaries furnished his infant child by a third person. *Hunt* v. *Thompson*, 3 Scam. 179 ; *Kelley* v. *Davis*, 49 N. H. 187.

The instruction was wrong, in its latter branch, in asserting a liability if the services were necessary, without reference to any promise, express or implied, to pay for them.

But there was so little room for question, that, under the circumstances, there was an implied promise, and the jury having been distinctly instructed, on behalf of the defendant, that there must have been a promise, express or implied, we can not think the instruction did the defendant any harm, and are of opinion that the defect in the instruction was not, under the circumstances, so material as to require a reversal of the judgment, and it will be affirmed.

*Judgment affirmed.*