## WILLIS JOHNSON

*v.*

## JOSEPH SMALLWOOD.

88 73
45a 449

1. PARENT AND CHILD—*parent's liability for goods bought by child.* Where a father has supplied his minor son with necessaries, or is ready to supply them, he can not be bound by a contract the son may make with a third person for the purchase of goods, without his authority, although they may be regarded as necessaries.*

2. SAME—*what proof of son's authority to buy, will bind father.* The authority of an infant to bind the father by contracts for necessaries is inferred from very slight evidence. Where a minor son bought clothing without the consent of his father, who knew nothing of the purchase until the goods were brought home, but he allowed his son to retain them, and the plaintiff testified to the father's promise to pay, which the latter, on oath, denied, it was *held*, that the jury were authorized to find the father liable for the price of the goods.

---

* See, also, *Murphy* v. *Ottenheimer*, 84 Ill. 39; *McMillen* v. *Lee*, 78 id. 443; *Gotts* v. *Clark*, id. 229.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, for the appellant.

Mr. J. S. POST, and Mr. THOMAS LEE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This action was brought to recover a balance of $23, claimed to be due for clothing sold a minor son of defendant, by the plaintiff. In the circuit court the plaintiff obtained a judgment for the amount claimed, which the defendant insists was not authorized by the evidence, and this is the only ground relied upon to reverse the judgment.

At the time the goods were purchased the son was residing with his parents, and, so far as was shown, he was furnished with clothing suitable to his condition in life. The father did not consent to the purchase; nor did he have any knowledge concerning the transaction, until the goods were brought home. Where the father has supplied his minor son with necessaries, or is ready to supply them, he can not be bound by a contract which the son may make with a third party, although the goods purchased may be regarded as necessaries. We do not think the evidence shows the son had authority to bind the father for the payment of the goods at the time the purchase was made. The plaintiff, however, contends that defendant became bound for the payment of the goods by what occurred subsequent to the purchase. After the goods were bought, and defendant was aware of the purchase, the son was allowed to retain them without objection. Defendant, as the plaintiff testified, promised to pay for the goods. From these facts, we are inclined to hold the jury was justified in finding in favor of the plaintiff.

Parsons on Contracts, vol. 1, page 301, says: "The authority of the infant to bind the father by contracts for necessaries is inferred, both in England and in this country, from very slight evidence."

In *Hunt* v. *Thompson*, 3 Scam. 179, it was held, that an express promise, or circumstances from which a promise by the father can be inferred, are indispensably necessary to bind the parent for necessaries furnished his infant child, by a third person.

If, then, the evidence showed an express promise of the father to pay for the goods, or if there were circumstances from which a promise might be inferred, then the jury was justified in finding in favor of the plaintiff. The defendant, in his evidence, it is true, denied that he promised to pay for the goods, but upon this point he was contradicted, and, while there was a conflict in the evidence on the question of defendant's promise, we can not say the jury was not justified in finding, from the proof, that defendant promised to pay for the goods. The question of fact was one purely for the jury, and it has not, where such is the case, been the practice of this court to disturb the finding, unless the verdict is clearly against the weight of evidence.

As the record discloses no error, the judgment will be affirmed.

*Judgment affirmed.*