## CHRISTIAN SCHNUCKLE

### *v.*

## FREDERICK BIERMAN.

1. PARENT AND CHILD—*liability of parent for necessaries furnished his child.* An express promise, or circumstances from which a promise can be inferred, is indispensably necessary in order to bind the parent for necessaries furnished his infant child by a third person.

2. Where an infant daughter, without her father's knowledge, went to the house of the plaintiff, where her mother was staying wrongfully and against the husband's wish, to see her mother and take her some clothes, and the plaintiff would not let her return, but hid her away in a bedroom, and when the father went in search of her, told him he did not know where she was, it was *held,* that the plaintiff was not entitled to recover of the father for the board and lodging of the daughter.

3.  HUSBAND AND WIFE—*liability of husband on account of wife.*  In the absence of any special promise of the husband to pay for the board and lodging of his wife, living apart from him, to a third person, he will not be responsible therefor, unless she was living separate from him by his consent, or his conduct was such as to justify her in leaving his bed and board.

4.  Where a wife left her hushand's house without his consent, and without justification by his conduct towards her, and went to that of the plaintiff, with her nursing babe, and the husband made repeated efforts by himself and through others to procure her return home, and tried to induce the plaintiff to assist him in the same purpose, but the plaintiff made no endeavor to persuade her to go back to her husband, and forbade the husband coming to his house, it was *held*, that in the absence of any express agreement to pay, the husband was not liable to the plaintiff for the board and lodging of the wife and child.

5.  SAME—*husband's liability on conditional promise.*  Where a wife leaves her home without the fault or misconduct of her husband, and against his wishes, and takes board and lodging with a stranger, and the husband, in order to procure her return, promises to pay her board if she will come back to his house, which is not done, and he notifies the party keeping her that if she does not return by a given day, he will not pay her board, such promise is conditional, and can not be enforced without a performance of the condition on which it is made.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. R. M. SKINNER, and Messrs. FARWELL & WARREN, for the appellant.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The wife of Schnuckle, the appellant, left home without his consent and against his will, and went to the house of Bierman, appellee, and remained there for more than six weeks. She took a nursing child with her; and about three weeks after she first went there a daughter of appellant followed her, and remained until the return of the mother to the husband's home.

This suit is prosecuted against appellant to recover for the board and lodging of the wife, babe and daughter.

The evidence shows, the wife had no good or sufficient cause

for thus leaving her husband. He went several times to the house of appellee and tried to induce her to return home, but she refused. He procured other persons to go there and persuade her to return, but their persuasions were without success. He also attempted to get appellee to use his endeavors to secure her return, but appellee made no such endeavors and forbade his coming to the house. In the meantime, the wife made complaint against her husband before a magistrate, which was dismissed, and filed a bill against him for a divorce, which was also afterwards dismissed. Appellee went with her to make the complaint before the justice, and attended court with her in the divorce suit, aiding and abetting her therein and making an affidavit in the cause. It is manifest, from the evidence, appellee encouraged the wife in remaining away from the house she should never have left, and that his conduct tended to widen the breach between her and her husband.

The daughter, without the knowledge of appellant, went to Bierman's to see her mother and take her some clothes. The Biermans would not let her go back, but hid her away in a bedroom, and when the father went in search of her, appellee told him he did not know where she was, although he knew at the time she was secreted in the house. It is plain appellee had no right to recover from appellant for the board and lodging of this daughter; the father was ready and anxious to take care of her at his own house, and he was entitled to her services, and the conduct of appellee in relation to her was such as would preclude him from any right, either moral or legal, to demand pay on her account. Besides, an express promise, or circumstances from which a promise can be inferred, are indispensably necessary in order to bind the parent for necessaries furnished his infant child by a third person. *Hunt* v. *Thompson*, 3 Scam. 179; *Goth* v. *Clark*, 78 Ill. 229. Here, the circumstances in proof affirmatively rebut the idea of any such promise.

If there was no special promise to pay the board of the wife, then the husband was not responsible therefor, unless either she

was living separate from him by his consent, or unless his conduct was such as to justify her in leaving his bed and board. As we have already seen, this latter was not the case, and the evidence shows, conclusively, she was living away from her husband contrary to his often expressed wishes, and against his utmost endeavors to secure her return, and further shows, appellee was fully advised of these facts.

As to whether or not there was any express promise to pay the wife's board, the evidence is somewhat conflicting. Appellee testifies, that on the several occasions when appellant came to the house and tried to get her to go home, he said he would pay her board. Appellant says he never promised to pay the board, but only said, if she would come home he would pay up to that time.

The theory that the wife was boarding with Bierman, under a contract with the husband to pay therefor, hardly seems to us consistent with the surrounding circumstances and the conduct of the several parties. It seems to us much more reasonable to conclude the promise was conditional, as stated by appellant, and was made not only as an inducement to her, but also to Bierman. Appellant says, he told Bierman to talk good to her and help get her home, and that he would make it all right with him, but that he did not try to get her to go home, but kept her there. Except inferentially, Bierman does not deny the promise was conditional. If the promise was conditional, it was not complied with, and therefore appellant never became liable thereon. But waiving all this, according to the testimony, appellee, several weeks before the wife left his house, was notified by appellant, if she did not go home that day he would not pay her board any longer. This would clearly prevent any recovery for board from that date, and yet, the jury, by their verdict, allowed appellee not only the board claimed for the daughter, and full board for the wife up to the date of the notice, but full price for board after such notification up to the very day she left his house, and not only that,

but $2 a week for the board of the nursing babe, and $1.11 in excess of all this.

In any view we can take of this case, we can not but conclude the circuit court erred in overruling the motion for a new trial and in rendering judgment against appellant on the verdict.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*