## D. F. Dumser v. C. J. Underwood.

1. NECESSARIES—*Furnished Without the Parent's Consent.*—Where a person furnishes necessaries to a minor without authority from the parent he does so at his peril, and in order to recover from the parent he must show either an express authority or circumstances from which authority may be implied.

2. SAME—*The Parent to be the Judge.*—The parent is to be the judge of the wants of the child, and of his ability to supply them, and when no express authority has been given, it devolves upon the party furnishing the same to show the parent's neglect or refusal to provide for the wants of the child.

3. AGENTS—*Special Agents—Their Authority.*—A special agent is one authorized to do a specific act in respect to which his power is limited, and a party dealing with him is bound at his peril to ascertain the extent of his authority.

4. SAME—*Authority of a Special Agent to Bind his Principal.*— Where a parent sent his minor child to a particular dentist to have work done at his expense, and the child went to another dentist and had the work done, *it was held*, that the child was a special agent of the parent and that the dentist who did the work could not recover.

Assumpsit, for services. Appeal from the City Court of Elgin; the Hon. R. P. GOODWIN, Judge, presiding. Heard in this court at the May term, 1896. Reversed. Opinion filed December 9, 1896.

IRWIN & EGAN, attorneys for appellant.

A. G. WAITE, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action by appellee to recover $19 from appellant for dental work done for appellant's minor daughter; there was a recovery for $19, the amount of appellee's bill.

It is not disputed that the dental work was done, or that the charges are reasonable, but the payment is resisted solely on the ground that the work was done without the express or implied promise of appellant to pay for it.

The facts, as disclosed by the record, are that appellant's daughter Blanche, then sixteen years old, told her father that her teeth needed dental work, whereupon he told her to go to a Dr. Whedon, appellant's family dentist, living at Elgin, and have him examine her teeth, and make an estimate of the price of the work. This she did, and reported back that the cost as estimated by Whedon would be $10. He then told her she could have Whedon do it. A few weeks afterward she, instead of going to Whedon, went to appellee, who did the work and charged $19 for it. Appellant knew nothing of appellee's doing the work until the statement was sent him.

In our opinion appellee has no ground for recovery against appellant. The services were performed without the knowledge or consent of appellant at a time when his daughter was residing at home, and when her father was ready and willing to provide all things necessary to her care and comfort.

When a person furnishes necessaries to a minor without authority from the parent, he does so at his peril, and in order to recover from the parent he must show either an express authority or circumstances from which such author-

ity may be implied.    The parent is to be the judge of the
wants of the child and of his ability to supply them, and
where no express authority has been given it devolves upon
the party suing to show the parent's neglect or refusal to
provide for the child's wants.    Hunt v. Thompson, 3 Scam.
179; Gotts v. Clark, 78 Ill. 229; McMillan v. Lee, 78 Ill. 443;
Schmickle v. Bierman, 89 Ill. 454; Clark v. Gotts, 1 App.
454; Allen v. Jacobi, 14 App. 277.

It is contended by counsel for appellee that, as appellant
gave authority to his daughter to have dental work per-
formed on her teeth, an application of the doctrine of agency
makes him liable.    It is insisted that the permission, thus
delegated, clothed her with such apparent authority as to
render him liable, although she acted contrary to his private
instructions.

In this contention counsel loses sight of the distinction
between general and special agencies.

The agency in this case was special, viz., to have the work
done by Dr. Whedon.    A special agent is one authorized to
do a specific act in respect to which his power is limited.    A
party dealing with him is bound, at his peril, to ascertain
the extent of his authority.    Anson on Contracts, 345;
Doan et al. v. Duncan, 17 Ill. 272; Peabody v. Hoard, 46
Ill. 242;    Baxter v. Lamont, 60 Ill. 237.

Inasmuch as we are of the opinion that appellee is not
entitled to recover from appellant on the facts, the judg-
ment is reversed, but the cause not remanded.