### Allison Peck v. Hannah Gibeson.

1. HUSBAND AND WIFE—*Implied Authority of the Wife to Bind the Husband.*—While the wife is living separate and apart from her husband, on account of his cruelty toward her, she has implied authority to bind him for the board and lodging of their minor children.

**Assumpsit,** for boarding and lodging.   Trial in the Circuit Court of Moultrie County, on appeal from a justice of the peace; the Hon. WILLIAM G. COCHRAN, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendant.   Heard in this court at the November term, 1898.   Affirmed.   Opinion filed June 3, 1899.

JOHN R. & WALTER EDEN, attorneys for appellant.

E. J. MILLER, attorney for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

The record shows that the appellee commenced this suit before a justice of the peace in Moultrie county, to recover from the appellant the sum of twenty dollars for boarding and lodging his three minor children for two weeks under the circumstances hereinafter set forth. The case went to judgment, and by appeal was taken to the Circuit Court of that county, and was there tried by a jury, the appellee recovering a verdict and judgment for four dollars. The appellant prosecutes this appeal and insists upon our reversing that judgment on the grounds that the court improperly refused some and modified other of his instructions; improperly gave some instructions for the appellee that were erroneous, and that the verdict is contrary to the law and evidence.

The evidence shows that on December 18, 1896, the wife of appellant left their home on account of his cruelty to her and went to the house of the appellee, a near neighbor, to stay until she could get a house to move into. Without objection from, and with the knowledge of her husband, she took their three minor children along with her, and they lodged and boarded with the appellee for about two weeks, after which the wife moved into a house she had procured for that purpose. This board and lodging of the children is shown by the evidence to be reasonably worth about $16.50. The appellant, in person, never requested the appellee to lodge or board these children, or promised to pay her therefor. As soon as the wife left appellant, she commenced proceedings against him for divorce for his cruelty toward her and obtained the same for that reason, never living with him afterward.

Under these circumstances we are of the opinion that the wife had implied authority to bind the husband and father for the board and lodging of their minor children while she and they were living separate and apart from him on account of his cruelty toward her, without his objection, and impliedly by his permission. The mother took the

children to the appellee's house and they were boarded and lodged there at her request, and we think, under the circumstances, she had implied authority to bind him to pay for the same.    McMillen v. Lee, 78 Ill. 443.

The amount of the verdict clearly indicates that the jury were not prejudiced against the appellant by any errors in the rulings of the court on the instructions; and while we can see that the instructions complained of are open to some of the objections urged against them, yet, on the whole record, the verdict is in accordance with the evidence, and for that reason we affirm the judgment.