John E. Mullally, Defendant in Error, v. Albert F. Lott, Plaintiff in Error.

### Gen. No. 15,685.

1. PARENT AND CHILD—*liability for board and lodging. Held,* under the evidence, that the court in this case might properly find an implied promise on the part of the parent to pay for the lodging and necessary clothing of his daughter.

2. RES JUDICATA—*what essential to application of doctrine.* Whether a former adjudication is a complete bar or conclusive of some particular fact, termed an estoppel by judgment, it seems the rule is settled that the litigation must be between the same parties, or substantially the same, or their privies.

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 19, 1911.

CHARLES T. FARSON and GARDNER, STERN & ANDERSON, for plaintiff in error; CHARLES T. FARSON, of counsel.

WILLIAM E. HUGHES and WILLIAM A. JENNINGS, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This suit was brought by defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter called defendant, to recover for board and clothing furnished de-

fendant's wife and minor daughter. On a hearing by the
court the finding was in favor of plaintiff, Mrs. Lott's father,
for board and clothing furnished defendant's daughter from
January 1, 1908, to January 1, 1909, for $520, and against
plaintiff on the claim of $200 for board and clothing fur-
nished the wife from January 1, 1908, to June 1, 1908.
Judgment was entered against the defendant for $520, to
reverse which he sued out a writ of error. The plaintiff
assigns cross-errors on the finding of the court against him
for the said claim of $200.

In July, 1907, the defendant's wife, Mrs. Lott, filed a bill
against the defendant in the Superior Court for separate
maintenance. On a hearing of the case in December, 1907,
it appeared to her counsel that the chancellor was inclined to
decide the case against her, and on her motion the bill was
dismissed. During a portion of this time the court had al-
lowed her temporary alimony. In January, 1908, she filed a
bill in the Circuit Court for separate maintenance. On a
motion in this case for temporary alimony the circumstance
of the prior hearing and dismissal of the bill on her own
motion in the Superior Court was presented to the chancellor
and the motion denied. In June, 1908, the bill was amended,
praying for a divorce. The defendant filed an answer deny-
ing the charges alleged, extreme and repeated cruelty. On
a hearing no defense was made and she was decreed a divorce.
June 12th an amended decree was entered, in which it was
recited that by agreement a division of real estate had been
made, and the defendant made conveyance to the complainant
in accordance therewith. There was no provision made for
the daughter in either the decree or the amended decree.

In Hunt v. Thompson, 4 Ill. 179, the court said: "That
a parent is under an obligation to provide for the maintenance
of his infant children is a principle of natural law; and it is
upon this natural obligation alone that the duty of a parent to
provide his infant children with the necessaries of life rests;
* * * This natural obligation, however, is not only a suf-
ficient consideration for an express promise by a father to pay
for necessaries furnished his child, but when taken in con-

nection with various circumstances has been held to be sufficient to raise an implied promise to that effect. But either an express promise, or circumstances from which a promise by the father can be inferred, are indispensably necessary to bind the parent for necessaries furnished his infant child by a third person."

This is the rule of law in this state, and in Johnson v. Smallwood, 88 Ill. 73, the court in following same quoted Parsons on Contracts, as follows:

"The authority of the infant to bind the father by contracts for necessaries is inferred, both in England and in this country, from very slight evidence."

The defendant made a feeble effort to maintain his contention that he desired and offered to support and provide for his daughter. We think the evidence clearly shows the contrary. He was amply able, but made no provision for her, although he knew she had no means and must depend on some one for support. He knew the plaintiff, her grandfather, was providing for her. The situation seemed in a measure understood by both plaintiff and defendant; and as to the lodging and providing by the plaintiff for the daughter, we are of the opinion the greater weight of the testimony is that the arrangement was acquiesced in by the defendant. Without going into a discussion of the evidence, we conclude that under all the circumstances the court might properly find an implied promise on the part of the defendant to pay for the lodging and necessary clothing of the daughter.

On the cross errors assigned it is urged by the plaintiff that the decree of divorce was *res adjudicata* of the question that she left the defendant without good cause and against his consent. Whether a former adjudication is a complete bar or conclusive of some particular fact, termed an estoppel by judgment, it seems the rule is settled that the litigation must be between the same parties, or substanially the same, or their privies. Hanna v. Read, 102 Ill. 596; Leopold v. Chicago, 150 Ill. 568; Markley v. People, 171 Ill. 260; First National Bank v. Peoria Watch Co., 191 Ill. 128; Stecher v. People, 217 Ill. 348; and numerous other authorities.

Had the Circuit Court in the hearing of the divorce case found the issues in favor of the defendant, Lott, would that finding have been binding on and been an estoppel of Mullally on a suit to recover for necessaries furnished Mrs. Lott? We think not. In MacDonald v. Dexter, 234 Ill. 517, the court said: "Where a matter becomes *res adjudicata* it is mutual and equally obligatory upon both parties; if it is not binding upon both it binds neither."

It therefore appears that the trial court properly admitted the evidence on the issues whether Mrs. Lott was living separate and apart from her husband without good cause and against his consent; and it is clear that the plaintiff had full knowledge of the situation. There was much testimony introduced bearing on said issues, but no good purpose can be subserved by a recital here of the bickerings and quarrels between the defendant and his wife. The trial court determined those issues of fact in favor of the defendant, and we do not consider, under all the evidence on this question, that we should hold the trial court was clearly and manifestly wrong in his findings thereon.

The statement of the court in Bevier v. Galloway, 71 Ill. 517, is in point in this case: "The plaintiff knew, as he testifies, that Mrs. Bevier was living apart from her husband, and knowing this fact, he was bound to know whether she had cause for so absenting herself or not, and having rendered the services to and for her under these circumstances he cannot hold the defendant liable. Rea v. Durkee, 25 Ill. 414."

For the reasons indicated the judgment is affirmed.

*Affirmed.*