MICHAEL L. MILLER, Plaintiff-Appellant, v. JERRY LEE MILLER *et al.*, Defendants-Appellees.

Third District   No. 3—87—0031

Opinion filed September 14, 1987.

Arthur J. Inman, of Peoria, for appellant.

Barry M. Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff appeals from the trial court's dismissal of his complaint which prayed for the court to order his divorced parents to pay his reasonable college expenses. We find that dismissal was proper in this case. Accordingly, we affirm.

Michael's parents, Jerry and Curta Miller, were divorced in 1974 when Michael was 6 years old. Curta was awarded custody of the couple's two children. The divorce decree contained no provision requiring either or both parents to fund Michael's college education in the event that he later decided to attend college. In 1976, upon Jerry and Curta's petition, Jerry received custody of the two children. In 1984, when he was 16 years old, Michael moved out of his father's home. For a short time Michael lived with his girlfriend's parents. He then moved to the home of his girlfriend's maternal grandparents and he continued to reside there up to the filing of this lawsuit.

Approximately two weeks after Michael reached age 18, he filed a complaint against his parents pursuant to the provisions of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 513). He alleged that he had been admitted to Western Illinois University, that he had no income with which to pay his college expenses, and that his mother and father had regular and substantial incomes and property with which to assist him in paying his college-related expenses. He sought a court order requiring his parents to pay his reasonable college expenses and attorney fees and costs. Michael's parents moved to dismiss the complaint with prejudice and argued that their son lacked standing to bring this action in his own name. Citing *In re Marriage of Garrison* (1981), 99 Ill. App. 3d 717, which held that the adult child of divorced parents did not have standing to seek enforcement of the provisions of his parents' divorce judgment, the court found that *stare decisis* mandated dismissal in this case. Although we find this case to be somewhat different factually from *Garrison* in that Michael is seeking to enforce statutory provisions rather than the provisions of his parents' dissolution decree, we agree with the trial court's result and find that dismissal was appropriate here.

The statute at issue states in relevant part:

"513. Support for Non-minor Children and Educational Expenses. *** The Court also may make such provision for the education and maintenance of the child or children, whether of minor or majority age, out of the property and income of either or both of its parents as equity may require, whether application is made therefor before or after such child has, or children have, attained majority age. In making such awards, the court shall consider all relevant factors which shall appear reasonable and necessary, including:

(a) The financial resources of both parents.

(b) The standard of living the child would have enjoyed had

the marriage not been dissolved.

(c) The financial resources of the child." Ill. Rev. Stat. 1985, ch. 40, par. 513.

■■ ■ From a review of cases decided under this statutory provision, it is clear that a court, acting upon the petition of one former spouse, may order the other former spouse to assume all or a portion of the college expenses incurred by the couple's child. (See, *e.g.*, *In re Support of Pearson* (1986), 111 Ill. 2d 545; *In re Marriage of Sreenan* (1980), 81 Ill. App. 3d 1025.) It is equally clear that a child of divorced parents does not have standing to bring a separate action in his own name to enforce the provisions of his parents' divorce decree. (*In re Marriage of Garrison* (1981), 99 Ill. App. 3d 717.) However, the above cases do not directly provide the answer in the present case, for the question here is whether a child of divorced parents can bring a suit in his own name under the provisions of section 513 of the Act to force his divorced parents to fund his college education. For the reasons below, we find that he cannot.

■ The Illinois Marriage and Dissolution of Marriage Act established the rights and obligations of those entering into or terminating a marriage, and the provisions of the Act are directed to the courts and to the parties of marriages and dissolutions. Nothing in the Act suggests that anyone other than one of these parties can petition the court for any relief available under the Act. Thus, the court in *In re Marriage of Garrison* determined that the Act did not give a child of divorced parents the right to enforce the provisions of his parents' judgment of dissolution. (99 Ill. App. 3d 717, 721.) Similarly, the Act creates no right in a child to directly petition the court for benefits which are potentially available under the provisions of the Act. Therefore, we find that it was the intent of the legislature that only parties to the divorce may petition the court for relief under the support provisions of the Act. A court may provide for the education of a child of divorced parents under section 513 only upon petition of one of the child's parents.

Michael asserts that since the statute provides that the court can order both parents to pay a child's reasonable education expenses, the legislature must have intended a child to have standing to proceed because it is improbable that a parent would petition the court to order him and the other parent to pay expenses. We disagree. The statute provides that both parents may be ordered to pay so that when one parent files a petition, the court, after examining all of the relevant factors, can apportion the expenses between both parents and the child as equity requires. That both parents can be required to contrib-

ute does not establish the existence of the child's right, or anyone else's right, to petition the court under section 513.

The *Garrison* court acknowledged that one of the purposes of the Act is to safeguard family relationships, but like that court, we believe that whether that purpose or any other purpose would be fostered by giving the children of divorced parents standing to proceed against them for educational expenses in a dissolution action should first be addressed by the legislature. *In re Marriage of Garrison* (1981), 99 Ill. App. 3d 717.

In summary, the trial court correctly determined that Michael did not have standing to bring an action in his name under section 513 to seek educational expenses from his parents. The complaint was therefore properly dismissed, and we affirm the judgment of the trial court.

Affirmed.

BARRY, P.J., and SCOTT, J., concur.