CARLE CLINIC ASSOCIATION, Plaintiff-Appellant, v. JOSEPH W. SETEN, Defendant-Appellee.

Fourth District   No. 4—88—0299

Opinion filed November 17, 1988.

LUND, J., specially concurring.

Richard R. Harden, of Thomas, Mamer & Haughey, of Champaign, for appellant.

Sherman J. Brown, of Lawrence E. Johnson & Associates, P.C., of Champaign, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Carle Clinic Association appeals the circuit court's entry of summary judgment against it, contending that genuine issues of material fact remain and therefore a trial on the merits is required. We agree.

Plaintiff filed this action against the defendant, Joseph W. Seten (Joseph), and Linda L. Seten (Linda) on February 13, 1987, seeking to collect payment for medical services rendered to Joseph and their children from February 1983 through December 1986. Joseph and Linda were divorced in 1976 and custody of their children was transferred to Linda in September 1983, one month prior to the commencement of the medical services involved in this action. The original complaint alleged that the plaintiff had rendered services to Joseph and his two children, ages 19 and 16 at the time this suit commenced, at Joseph and Linda's special request. Plaintiff further alleged that said services constituted "family expenses" as set forth in section 15 of "An Act to revise the law in relation to husband and wife" (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 1015). This appeal does not concern the liability of Joseph for services rendered to him.

On October 7, 1987, Joseph filed a motion for summary judgment. In support of this motion, Joseph argued that since custody of the children was given to Linda in September 1983, and Joseph did not request or authorize the plaintiff to render medical services to himself, his children, or his ex-wife or promise to pay the plaintiff for any such services, he was not liable to the plaintiff for the balance claimed due.

In response to this motion, plaintiff filed an affidavit, disputing Joseph's assertions that he did not authorize the medical treatment rendered. Plaintiff presented various documents relating to the divorce action between Joseph and Linda in further support of its contention that Joseph did in fact know of, and authorize, the treatment by the plaintiff of his children. Further, plaintiff stated that such disputed facts required that the court deny Joseph's motion.

Pursuant to an agreement between the parties, the court did not rule on this summary judgment motion. On October 22, 1987, with leave of the court, plaintiff filed an amended complaint. Plaintiff's amended complaint sought recovery from Joseph alone and omitted references to section 15 of the Act. Joseph filed another summary judgment motion on December 8, 1987, stating that all services ren-

dered to his children were at the request of Linda. Joseph's supporting affidavit reiterated his previous assertions. Prior to ruling on the motion, a second-amended complaint was filed on January 15, 1988, for the purpose of updating the amount due the plaintiff for services rendered to Joseph's children.

On March 25, 1988, the court entered summary judgment for Joseph against the plaintiff as to the services provided. Regarding the services rendered to his children, the court found that Joseph's assertions remained uncontradicted. The court also observed that under the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1987, ch. 40, par. 101 *et seq.*), no one other than the parties to a divorce action may petition the court to enforce the child support obligations of one party. Since the evidence established that plaintiff was seeking to enforce Joseph's child support obligations, Joseph was entitled to judgment as a matter of law.

The plaintiff appeals the court's entry of judgment for Joseph as to the services rendered to his children. Plaintiff urges that the basis of its suit is Joseph's express and implied promise to pay plaintiff's charges for services and does not concern Joseph's child support obligations. Plaintiff acknowledges that only parties to a divorce action may seek relief under the Marriage Act. Plaintiff contends that the evidence established that Joseph did in fact know of the medical services provided and that Joseph's actions over the three-year period amount to a ratification of a promise from Joseph to the plaintiff to pay for plaintiff's services. Joseph on appeal restates the arguments he made in the circuit court. Since his assertions remained uncontradicted, he contends summary judgment was proper.

Section 2—1005(c) of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c)) provides that summary judgment shall be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As noted by the supreme court:

"[I]t is a drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is clear and free from doubt." *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.

In determining the existence of a genuine issue of material fact, courts must construe any evidence in support of the motion strongly against the movant and liberally in favor of the opponent. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871; *Seefeldt v. Millikin National Bank* (1987), 154 Ill. App. 3d 715, 718, 506 N.E.2d 1052,

1055.) Issues of material fact raised in a complaint must be supported by evidentiary facts, otherwise summary judgment for a defendant is appropriate. (*Harrington v. Chicago Sun-Times* (1986), 150 Ill. App. 3d 797, 502 N.E.2d 332.) Likewise, where a defendant, in opposition to a motion for summary judgment, does not present facts admissible under the rules of evidence, summary judgment is proper.

Plaintiff's cause is based on Joseph's failure to comply with his alleged agreement to pay plaintiff's fees for the medical services plaintiff provided his minor children. Plaintiff alleges that the services were performed "at the special instance and request of the defendant." Moreover, plaintiff's complaint states that Joseph, as father of the minor children receiving services, has an obligation to support his children during their minority. In order to survive a summary judgment motion, plaintiff must establish the existence of an agreement between the parties or circumstances supporting an obligation on Joseph's part to provide for his children.

Although not argued by the parties, the responsibility of a parent for his or her child's necessities, medical care being but one, is well settled in this State. As stated by the supreme court in *Hunt v. Thompson* (1841), 4 Ill. 179, 180:

> "[A]n express promise, or circumstances from which a promise by the father can be inferred, are indispensably necessary to bind the parent for necessaries furnished his infant child by a third person."

This principle was reaffirmed in *Murphy v. Ottenheimer* (1876), 84 Ill. 39, and *Johnson v. Smallwood* (1878), 88 Ill. 73. All of these cases involved a third person selling "necessaries" to a child and then seeking payment from the parent. The *Murphy* court stated:

> "If the promise is express, there can be no difficulty in holding the father liable; but where the promise is to be inferred from circumstances, it is frequently a matter of no small difficulty to determine whether such liability exists." (*Murphy*, 84 Ill. at 40-41.)

In determining whether a promise can be inferred, the *Hunt* court stated:

> "It is the acts of the parent *** that are to be looked to as affording a presumption of authority that will render him liable ***." *Hunt*, 4 Ill. at 181.

The first case applying these principles in a situation like the instant case was *McMillen v. Lee* (1875), 78 Ill. 443. In *McMillen*, a doctor sued a father to recover medical services rendered to his child while the child was in the custody of the mother. The court deter-

mined that the parents were living apart by mutual consent. The court found under the circumstances that there was an implied promise from the father to the doctor to pay for the medical services and, therefore, under the principles set forth in *Hunt*, the father was liable to the doctor for the services rendered.

Several appellate court cases have addressed these issues as well. In *Clark v. Gotts* (1877), 1 Ill. App. 454, the appellate court reversed a judgment entered for a defendant-father where the circuit court refused to consider evidence offered to establish an implied promise. The court noted that if authority to bind a parent can be implied under the circumstances, it is a question for the jury to decide. In two other cases, *Mullally v. Lott* (1911), 162 Ill. App. 533, and *Charbonneau v. Norton* (1931), 263 Ill. App. 341, the courts held that the facts evidenced an implied promise from the parent to the third party providing services to their children.

Both parties in the instant case rely on another case, *Hess v. Slutsky* (1922), 224 Ill. App. 419, for support. This case is similar in some respects to the present case and reiterates the principles as previously set forth. In *Hess*, the defendant was divorced from his wife and she was given sole custody of their child. Defendant paid alimony and child support. The wife remarried and thereafter, medical services were rendered to the child by the plaintiff-doctor. There was no claim that the defendant requested, contracted for, or ratified the services of the plaintiff. In fact, the defendant claimed he never saw the doctor and did not know of him. The *Hess* court held that where the custody of the minor child is placed with one parent after a divorce, "the other parent is not liable for the medical services to the child *in the absence of an express promise or facts or circumstances from which a promise can be implied.*" (Emphasis added.) (*Hess*, 224 Ill. App. at 421.) The noncustodial father in *Hess* was held not liable to the provider of medical services.

As *Hess* states, recovery can be had where there is an express contract or there are facts or circumstances from which a promise can be implied. Additionally, it is time to take a new look at *Hess*. In *Hess*, the action was brought under the initial family expense statute (Cahill's Ill. St. ch. 68, par. 15), unlike the present case. The plaintiff in *Hess* did not claim that the noncustodial father had any contractual obligation to the doctor. Rather, his liability was primarily based on his family relationship to the child. Moreover, the father never knew of or saw the doctor and the mother had remarried before the medical services were rendered to her child.

■ It has long been held in this State that a parent owes a legal

duty to provide for and support his children. (*Kelley v. Kelley* (1925), 317 Ill. 104, 147 N.E.2d 659.) This obligation continues during the minority of the child and is not affected by a decree granting a divorce and awarding custody to the wife. (*Leland v. Brower* (1963), 28 Ill. 2d 598, 192 N.E.2d 831.) This axiom of law is not inconsistent with the principles established in *Hunt, McMillen,* and reiterated in *Hess*. A noncustodial father in a divorce situation is not bound, under all circumstances, to pay for all of the services rendered to his children. (*Evink v. Pekin Insurance Co.* (1984), 122 Ill. App. 3d 246, 460 N.E.2d 1211.) There must first be a contractual basis, express or implied, upon which relief is sought.

■ Under certain circumstances, the law will imply a promise on a father's part to reimburse anyone who renders support and maintenance to a child. (*Kippen v. Kippen* (1939), 301 Ill. App. 178, 21 N.E.2d 906; *Charbonneau v. Norton* (1931), 263 Ill. App. 341; *Mullally v. Lott* (1911), 162 Ill. App. 533.) Specifically, where a noncustodial father wholly fails to provide for his child's necessities and these are supplied by a third party, the courts have held that the third party may recover his costs from the father on a theory of implied contract. (*Kippen*, 301 Ill. App. at 183, 21 N.E.2d at 908; *Mullally*, 162 Ill. App. at 535; *Charbonneau*, 263 Ill. App. at 349-50.) The courts in these cases reason that the "acquiescence" by the father to the arrangements amounted to ratification of an implied agreement from the father to pay for the services provided.

■ In the instant case, the existence of an agreement between the parties remains in dispute and therefore summary judgment was improper. After reviewing the record, we believe the facts of this case and plaintiff's documentary evidence support an implied promise from Joseph to the plaintiff. We note further that it is not disputed by either party that the medical services provided to Joseph's children were necessary. In fact, the record reflects that one of the children is a diabetic. Copies of plaintiff's transaction records for Joseph's account reflect that services were provided monthly to this child for more than three years prior to the time this suit was commenced. In addition, copies of various documents from the divorce action belie Joseph's repeated assertion that he did not consent to or have knowledge of the plaintiff's services. Joseph's ex-wife also filed an affidavit in which she stated that Joseph made various claims and promises regarding the plaintiff's bills, the most recent of his statements being on September 10, 1987, more than six months after this suit commenced. While we do not find Joseph's assertion as to his lack of knowledge regarding the plaintiff's providing of services significant to

a resolution of this case, nonetheless, plaintiff's documentary evidence raises a question as to whether an implied promise can be found in this case. We disagree with Joseph's contention that his statements of fact remained uncontradicted. Plaintiff established, with supporting evidence, that there remains a dispute regarding a material fact. The trial court erred in entering judgment for Joseph.

■ Additionally, we specifically address the trial court's basis for entering judgment for Joseph. The court stated that no one, other than the parties to a divorce proceeding, may seek relief under the Marriage Act. The Marriage Act establishes rights and obligations as to parties of marriages and dissolutions. (*Miller v. Miller* (1987), 160 Ill. App. 3d 354, 513 N.E.2d 605.) Section 15 of the Act, however, does not bar an action by a creditor in an action for family expenses. If anything, the section sets forth a legislative intent that a parent is responsible if the claim is for family expense, was necessary, and is reasonable. The primary responsibility for family expenses of minor children, regardless of the marital status of mom and dad, is mom and dad. To the extent *Hess* says otherwise, it is overruled. However, the plaintiff is not seeking relief under the Act or the Marriage Act but rather is proceeding on the basis that there was a contract between the plaintiff and Joseph which Joseph has breached. On remand, the plaintiff's cause should be tried on a breach of contract theory.

If Joseph is liable in this action, he is not foreclosed from seeking enforcement of the dissolution judgment which may have determined responsibility as between him and Linda.

For the foregoing reasons, we hold that the trial court erred in entering summary judgment for Joseph. Therefore, the judgment of the trial court regarding the plaintiff's services rendered to Joseph's children is vacated and this cause is remanded with directions for a trial on the merits.

Vacated and remanded with directions.

KNECHT, J., concurs.

JUSTICE LUND, specially concurring:

The family expense statute is not a source of relief from defendant father because of the dissolution of marriage and award of custody to the mother prior to the services furnished by plaintiff. Right or wrong, this has been the law in Illinois since the 1888 decision in *Schlesinger & Mayer v. Keifer* (1889), 30 Ill. App. 253, 257, where the

separation of the parties was held to be a destruction of the family in fact, and terminated the effect of the 1874 Family Expense Act (Cahill's Ill. St. ch. 68, par. 15). Also see *Hess v. Slutsky* (1922), 224 Ill. App. 419, 421.

Perhaps, the family expense statute application should be changed. Considering the complexities created by our increase in percentage of marriage dissolutions and the necessity of jointly considering the Family Expense Act with the child support provisions of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 505 (note the reference in section 505 to considerations for child health matters and medical insurance coverage)), any changes should be legislative, not judicial.

Our courts have long recognized a father's duty to support and maintain his children. Implied promises to reimburse third parties for their expenditures for necessary expenses have been recognized. (See *Kippen v. Kippen* (1939), 301 Ill. App. 178, 183, 21 N.E.2d 906, 908.) Again, considering the increase in marriage dissolutions, we must recognize that problems can arise if contracts for health services can be implied as between the health care supplier and the noncustodial parent. Are we going to recognize implied contracts based solely on the parental connection where medical care expense has been determined by the dissolution court's support order, and the noncustodial parent has complied with that court order?

The opinion in *McMillen v. Lee* (1875), 78 Ill. 443, 445, in upholding the implied promise of the father to pay a child's medical expense, where the mother and child were separated from the father, emphasized the implied agency of the mother in contracting for the necessary service. Because of the historical and reasonable requirement that a parent pay necessary child expenses, I would hold that an implied promise to pay necessary health care expenses of a child would exist between the health care supplier and the noncustodial parent whenever the services are requested by the custodial parent, and the noncustodial parent is not current in providing required medical insurance, medical cost reimbursement, or child support payments.

The trial court granted summary judgment in defendant's favor based on the theory that plaintiff was seeking to enforce the terms of the dissolution judgment. (See *Miller v. Miller* (1987), 160 Ill. App. 3d 354, 356, 513 N.E.2d 605, 607.) The establishment of the implied contract is not merely the enforcement of the terms of the dissolution judgment. An implied contract may well exist, and I agree that this cause of action should be reversed and remanded for further proceedings in the trial court.