Rea *v.* Durkee.

---

WILLIAM REA, Appellant, *v.* CONRAD DURKEE, Appellee.

APPEAL FROM OGLE.

If a husband neglects to furnish his wife with all articles of necessity suitable to his condition in life, the wife may procure them of others, and the husband will be liable for the payment of them.

This liability does not arise unless the husband has failed in the performance of this duty, or it can be shown that he has recognized such contracts by the wife as binding on him.

If a wife deserts her husband without sufficient cause, or remains separate from him without his consent, he will not be liable for necessaries purchased by her.

The sufficiency of the reasons for a separation the jury is to pass upon.

Rea *v.* Durkee.

If a husband does not intend to hold himself liable for the contracts of his wife, while they are living together, he should give notice.

The party who gives the credit must show the liability of the husband, *when must. + wife are living apart.*

THIS was an appeal from a justice of the peace to the Circuit Court of Ogle county, brought for goods furnished to the wife of Rea, the appellant.

Jury found for plaintiff, $74.61. Motion in arrest of judgment by defendant, and a new trial, which was overruled by the court, and exception by defendant. Judgment rendered for $74.61 and costs. Appeal by defendant below.

The evidence showed that Durkee was a merchant in Oregon; that Mrs. Rea bought a bill of goods of Durkee, amounting to $71.61; Durkee knew Rea and Mrs. Rea.

At the time the goods were purchased, Mrs. Rea had left her husband and lived in a small house near Oregon; she had been there ten or twelve weeks; she had a small child; it is difficult to tell whose it is.

*Hugh Rea,* a brother of appellant, testified that he went, at his brother's request, to Mrs. Rea, to see if he could induce her to return and live with his brother; she utterly declined so to do; Rea had no running accounts at the stores.

There was not any evidence of ill treatment by the husband.

Defendant below asked the following instructions:

1. If the jury believe, from the evidence, that the bill of goods for which this action is brought, was purchased from the plaintiff by the wife of the defendant, that in order to justify a recovery, the jury must believe from the evidence that the wife had authority from the defendant to purchase the same, and in arriving at a conclusion, in the absence of express authority on that point, it is proper and legitimate for the jury to take into consideration the proximity of the plaintiff's store to the residence of the defendant, and the position of the defendant's family, the business character of the defendant, and the manner and course in which the defendant transacted his own business, and the quantity, quality and aptness of the goods, and any and all circumstances that would tend to raise an inference of an implied authority, and in the absence of such conclusion in favor of the plaintiff, the jury must find for the defendant.

2. That if the jury believe, from the evidence, that the merchandise for which this action is brought, was sold by the plaintiff to defendant's wife, and at the same time the wife was living apart from the defendant, then in order to justify the plaintiff in recovering, the burden falls upon the plaintiff to prove, to the satisfaction of the jury, that the wife left with the consent of her husband, or that his treatment of her was cruel, or his conduct so violent as to lead her to fear or apprehend

personal violence; and that the evidence offered by the plaintiff of partiality in the treatment of the wife, children, or the treatment of the wife during the confinement, and the quality of provisions furnished by the defendant, detailed in evidence, is not such evidence as will justify the jury in finding that she left for maltreatment or fear of personal violence.

3. That if the jury believe, from the evidence, that the plaintiff sold the goods sued for, to the defendant's wife while living separate from her husband without his consent, the plaintiff must prove before he can recover, that the wife had just and legal reason and cause so to leave her husband.

4. That the cause that will justify a woman in leaving her husband, must be of the same character which if continued or repeated from time to time for two years, would form a legal ground for divorce.

5. That no matter what was the care given to Mrs. Rea, in February, during her confinement, if without complaint or objection, she, after her recovery, continued to live with her husband, and there was no repetition of bad treatment until the sixth day of the following May, as the law presumes that the offense, if there was any, was forgiven.

Instruction No. 1, the court gave with the following qualifications : "Unless they believe, from the evidence, that the treatment given her by her husband, was improper, and that on account thereof she left him for just cause."

Instructions Nos. 2, 4 and 5, asked for as above, the court refused to give.

The court gave the following instructions for the plaintiff below :

1. That where a wife leaves her husband, and resides apart from him, the husband is not liable for goods sold to her, when so living apart from him, unless she left him for good cause.

2. But if the separation was caused by improper treatment on his part, he is liable for her necessary support, and to that extent she has credit in the community to buy on his account.

3. That whether the wife had good cause for leaving the husband, is a matter of fact to be decided by the evidence.

4. That if the jury believe, from the evidence, that any witness has testified willfully false to a material fact, the jury will be justified in disregarding the testimony of such witness.

GLOVER, COOK & CAMPBELL, for Appellant.

KNOX, EUSTACE & REED, for Appellee.

WALKER, J. The law has imposed the duty upon the hus-

band of furnishing the wife with all articles necessary and suitable to his degree and condition in life. If he disregards this duty, the wife may procure them of whom she pleases, and the husband will be liable. Whilst this is true, the husband has the right to furnish them in the mode, and from whom he may choose. And when he has furnished them, other persons can have no such right. Their right to do so can only arise when the husband has failed in the performance of this duty. And when he has discharged this duty he may escape all liability for the wife's contracts, unless it be shown that she has been accustomed to make such contracts, and he has recognized them as binding; as the law would then imply that she was acting as his agent, to revoke which, he should give notice that he would not hold himself bound by her agreements.

As the law imposes the duty upon the husband to furnish his wife with all necessaries suitable to his position in society and his means, during coverture, it follows that if the wife, without any or for insufficient cause, deserts her husband, and, contrary to his wish, lives separate and apart from him, that he will not be liable for her contracts for necessaries. It is only during cohabitation, or when the husband has expelled the wife from his house, or by bad treatment has compelled her to leave, or where it is by consent that they are living separate, that the husband is held liable. If the wife, without sufficient cause, deserts her husband, he is not liable, and it is for all persons knowing that the parties live separate, to know whether the wife had cause to desert her husband. The questions as to whether goods furnished the wife were suitable to the husband's position and means, and whether she was justified in deserting her husband, are those of fact, and are for the jury to determine from all of the evidence on the trial. In this case the wife had separated from the husband, and whether she was justified in doing so, was for the jury to determine from the evidence. The wife is not warranted in doing so for slight and trivial causes, but to be justified, the causes must be grave and weighty. Extreme harshness and great austerity of manner and treatment, a want of care in providing for the wife and his family in a reasonable manner, as also, indignities to the wife, may all be considered by the jury in determining whether there was a justification for the separation.

If the husband deserts his wife, turns her away without reasonable grounds, or compels her by ill usage to leave him, he is liable in the same manner and to the same extent as if cohabitation continued. In such a case he cannot escape liability by giving notice not to trust her, unless he has supplied her with suitable necessaries. Where goods are supplied to a woman

living separate from her husband, it devolves upon the person giving the credit to show that the husband is liable, the presumption being that he is not, unless she is deserted by the husband. According to these principles, the third and fourth of appellant's instructions should have been given, as they assert the rule here indicated. If there was an act of bad treatment perpetrated that would justify a separation, and the party who was subjected to it remains afterwards for the length of time indicated in the fifth instruction, the presumption would be that it had been forgiven; but if the same or some other bad treatment was inflicted, it would revive the original offense, because, when the party continues the cohabitation, it is presumed to be on the condition that the other party will discharge all of the duties of the relation. This instruction, in substance, asserts this principle, and should have been given. It would have been the province of the jury to determine, from the evidence, whether there had been a repetition of bad conduct, such as was indicated in the previous instructions. The first instruction may not be altogether accurate as given, and not sufficiently explicit as to the authority to purchase, and was in that respect calculated to mislead the jury; and the qualification was defective in not informing the jury what would be just cause of desertion, or what would be improper treatment.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*