EDWIN BEVIER

v.

JAMES GALLOWAY.

1. HUSBAND AND WIFE—*husband not liable for necessaries furnished his wife when she lives separate from him without his fault.* The law requires the husband to furnish the wife with all necessaries suitable to his condition in life, including medical attendance in case of sickness, but it gives him the right to procure these necessaries himself, and to decide from whom and from what place they shall come. And where the husband has provided a home for his wife, together with the necessaries of life, and she receives kind treatment from him, but, disregarding this, voluntarily, and without any good and sufficient cause, deserts him and lives apart from him, then the duty and obligation resting upon him, to furnish necessaries, ceases.

2. SAME—*party furnishing necessaries to a wife living apart from her husband, bound to know whether she has cause.* Where a physician rendered medical services to a wife whom he knows to be living separate and apart from her husband, he is bound to know whether she has cause for so doing or not, and if she has no cause, he can not hold the husband liable for such services.

3. SAME—*husband liable for necessaries furnished the wife when he refuses to furnish them.* If the husband fails to furnish his wife with the necessaries of life at his residence, or if he abuses her and fails to discharge his duties as a husband, so that she can no longer reside with him, she has the undoubted right to seek a residence elsewhere, and procure necessaries at his expense.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. L. C. CHANDLER, and Mr. C. G. WHITNEY, for the appellant.

Messrs. KETCHAM & GRIDLEY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment rendered in the circuit court of Cass county, in favor of James Galloway, against Edwin Bevier, for the sum of $100.

The suit was brought to recover for medical services rendered by the plaintiff to the wife of the defendant.

It appears from the evidence that, in the fall of 1870, defendant's wife left him, and went to her father's, some ten miles distant, and there remained until January, 1872, when she died. The plaintiff, a physician, was employed by Mrs. Bevier to attend her about the 1st of May, 1871, and she had his services until her death. At the time he was employed, he knew she had been living apart from her husband since the winter of 1870.

The evidence does not show that Mrs. Bevier had any cause for leaving her husband; on the contrary, it appears, she was well treated, and she left without his knowledge or consent. The plaintiff was not employed to render the service by the defendant.

It is true, the plaintiff testifies that, during the last week of Mrs. Bevier's sickness, the defendant called on him once or twice to attend her, but this is flatly contradicted by the defendant.

We are aware of no principle of law upon which this judgment can be sustained. It is not only contrary to the evidence, but there is no evidence to sustain it, and it was the duty of the circuit court to set aside the verdict.

The law requires the husband to maintain his wife and furnish her with all necessaries suitable to his condition in life. This, of course, would include medical attendance in case of sickness, but while this is an obligation resting upon him, from which he can not escape, the same law gives him the right to provide these necessaries himself, and to dictate from whom and from what place they shall come. And where the husband has provided a home for his wife, together with the necessaries of life, and she receives good treatment from him, but, disregarding this, voluntarily, and without any good and sufficient cause, deserts him and lives apart from him, then the duty and obligation resting upon the husband, to furnish necessaries, ceases.

The plaintiff knew, as he testifies, that Mrs. Bevier was living apart from her husband, and knowing this fact, he was bound to know whether she had cause for so absenting herself or not, and having rendered the services to and for her, under these circumstances he can not hold the defendant liable. *Rea* v. *Durkee*, 25 Ill. 503.

Had the defendant refused to furnish his wife with the necessaries of life at his residence, or had he abused his wife and failed to discharge the duties of a husband, so that she could not longer reside with him, then she would have had the undoubted right to have sought a residence elsewhere, and procured necessaries at his expense, but such is not this case.

As we view the evidence, the plaintiff has no right of recovery against the defendant, and the judgment will therefore be reversed.

*Judgment reversed.*

. Mr. Justice Scott: I concur in reversing this judgment, on the ground there is no evidence of the value of the medical services rendered. In my opinion, there is evidence in the record that would warrant a verdict in favor of the plaintiff in the court below, on proof of the value of his services, and the cause ought to be remanded.