Scott, J.
Defendant in error brought his action, to recover of the plaintiffs in error the amount of an account for medical services and care bestowed by him as a physician in attendance upon the wife of their intestate. The action was brought originally before a justice of the peace of Wyandot county, and came into the court of common mon pleas by appeal. A copy of his account was attached to his petition, and the items were from July 18th, till October 28, 1869, and amounted in the aggregate to $48. The defendants below answered, admitting that the services stated in the petition were rendered for the wife of their intestate, but denying that such services were rendered at the instance of the deceased, Levi Hare. Further answering, they say “ that at and during the time when the services mentioned in the petition are claimed to have been rendered, the said Rebecca Hare was living separate and apart from her husband, the said Levi Hare, against whom she was prosecuting, in the Court of Common Pleas of Seneca county, a suit for divorce and alimony, which suit was still pendiug and undetermined at the death of said decedent, December 11, 1869.
That on the 22d day of June, 1869, after said suit had *35 been, instituted, on motion of the said Rebecca Hare, a decree for alimony pending said suit was made by said court and duly entered upon the journal thereof, granting to the said Rebecca Hare an allowance of one hundred and seventy-five dollars as such alimony.
Said alimony was by said decree made payable in installments, as follows, to wit: twenty-five dollars in ten days from the date of said decree; twenty-five dollars on the 21st day of August, 1869; twenty-five dollars on the 21st day of September, 1869 ; and one hundred dollars on the 21st day of October, 1869. ;
Every installment of said alimony was paid by the said Levi Hare on or before the day when the same became due, and all of said alimony had been fully paid before the 28th day of October, 1869.”
To this answer the plaintiff below replied, alleging that he had no knowledge of the -granting of said alimony or of its payment, and averring “ that at the time of the allowance of said alimony, the said Rebecca A. Hare was in ordinary health ; was able to and did perform her own work and labor, and such allowance was made to said Rebecca A. Hare for her maintenance, with the knowledge that said Rebecca Hare was then in such ordinary health, and so able to perform her work and labor.
“ That in making said allowance, the costs, expenses, and attorney fees incident to the proper preparation of said cause of said Rebecca A. Hare v. Levi Hare, in said Seneca common pleas, for trial at the November term thereof, a. d. 1869, was not included and taken into the account.
“ That said allowance so made, as aforesaid, was entirely insufficient to provide proper support and necessaries for said Rebecca A. Hare, at and during the time of the rendition of the services set forth in plaintiffs petition, and said plaintiffs account for such services.
“ That said Rebecca A. Hare, during the time of the rendering of said services, was sick and unable to perform her own work and labor, and was subjected to great expense by reason of said sickness.”
*36 . To this reply, the defendants below demurred; their demurrer was sustained, and plaintiff below excepted.
The case was thereupon submitted to the court upon the pleadings on file in the caso; and the court, being of opinion that the plaintiff was not entitled to recover, rendered judgment in favor of defendants below for their costs. Upon the petition in error of plaintiff below, this judgment was reversed by the District Court of Wyandot county, and the demurrer of defendants to the reply of the plaintiff'below was overruled, and the case remanded to the court of common pleas for further proceedings.
Plaintiffs in error here seek a reversal of this judgment of the district court.
Two questions are raised upon the record. First. Do the facts stated in the answer of defendants below constitute a defense to the plaintiff’s action ? We think they do. The facts stated in the answer are, that during the whole time that plaintiff was rendering the services in question, the wife of Hare was living separate and apart from her husband, and was prosecuting a suit against him for divorce and alimony, and that, before the plaintiff' began to render his services, she had obtained an order of the court, in which her petition for divorce was pending, awarding to her one hundred and seventy-five dollars as alimony pendente lite, to be paid by the husband in specified installments, That this order of the court was fully complied with, and the installments punctually paid by the husband at or before the times when they severally became due, and that such payments were fully completed before the close of plaintiff’s account.
The 9th section of the “ act concerning divorce and alimony,” as amended in April, 1857, provides that the court while in session, or any judge thereof during vacation, upon sufficient notice to the opposite party, shall have power to grant alimony to the wife for her sustenance during the pendency of a petition for divorce or alimony. S. & C. 513.
Where, in the exercise of the power thus conferred, a *37 court of competent jurisdiction lias, by decree, fixed the amount of alimony to be paid to the wife for her sustenance. pendente lite, so long as tbe husband is not in default in making payment according to the order of the court, and the wife continues to live separate and.apart from him, the husband is not liable on her contracts. Speaking on this subject, Mr. Bishop, in his work on Marriage and Divorce, says: “ The allotment of temporary alimony is really for the benefit as well of the husband as the wife, especially in those cases where he is the guilty party. For, if no such allotment has been made, he is liable, at the common law, for hecessaries furnished her during the pendency of her suit for divorce, the same as though it was not pending. . . . But if he has regularly paid it, he is relieved from all further responsibility.” 2 Bish. on Mar. and Div. § 401. In Bennett v. O’Fallon, 2 Mo. 69, it was held, that after a decree for alimony, the husband is not chargeable for debts contracted by the wife. And the court says : “ The very object of the decree for alimony is to furnish the wife with necessaries, and the court will take care that it be made effectual for that object, and suited to the condition of the parties. By the decree the husband is charged directly with the due maintenance of his wife; to make him responsible to persons -with whom she might afterward deal, would be to charge him indirectly for the same object.” See also, Wilson v. Smyth, 1 B. & Ad. 801, and Brisco v. Brisco, 2 Hag. (Con. C.) 199.
These authorities fully sustain us in holding that the answer of defendants below constitutes a good defense to the action.
The second question is : Are the facts stated in the reply of plaintiff below, sufficient to avoid the defense made by the answer? The plaintiff says, first, that he had no knowledge of the allotment and payment of the alimony. The answer to this is, that he should have inquired. lie was dealing with a married woman living separate from her husband, and the authorities are abundant that he could do so only at his own peril.
*38 The presumption of law, in such ease, is that the husband is not liable, and the circumstances fixing his liability must be shown by the party seeking to charge him. If he took the risk of doing so, without inquiry, he has only himself to blame. Tyler on Coverture, 355; Cartwright v. Bate, 1 Allen (Mass.), 514; Rea v. Durkee, 25 Ill. 503; Blowers v. Sturtevant, 4 Denio, 46; Breinig v. Meitzler, 23 Penn. St. 156; Gill v. Read, 5 R. I. 343; Bennett v. O’Fallon, supra.
The reply avers, secondly, that the alimony allotted to the wife proved to be inadequate, by reason of her subsequent ill health, -which was not anticipated when the amount was fixed by the court.
This change in her circumstances would, no doubt, have justified her in applying to the court, or to a judge at chambers for an increase of the sum allowed. But, if she remained satisfied with the amount decreed, others have no right to complain. .
The exercise of the judicial discretion which she had herself invoked, can not be collaterally impeached or drawn in question, especially by a stranger to the controversy. "We are of opinion, therefore, that the court of common pleas did not err in sustaining the demurrer to this reply, nor in entering judgment for defendants below, on the pleadings ; and that the district court should have affirmed, instead of reversing said judgment.

Judgment accordingly.