Seybold v. Morgan.

| 43 | | 39 |
| 109 | 1 | 87 |

GATES SEYBOLD

V.

WILLIAM S. MORGAN.

*Husband and Wife—Necessaries Furnished Wife—Recovery for—Separate Maintenance—New Trial—Practice.*

1. At common law a husband was liable in an action at law at the suit of any person furnishing his wife with the necessaries of life suitable to her condition, if she was residing apart from him because of his wrong or with his consent.

2. The husband has uniformly been held liable for the funeral expenses of the wife, though at the time of her death she lived apart from him of her own fault.

3. No right of action at common law existed in such case in favor of the wife either at law or in equity. She could only rely upon obtaining credit from those who were given a right of action against her husband.

4. A bill for separate maintenance can not be sustained in a case of separation by mutual consent, but only where the separation was without the wife's fault. The enactments of the statute touching separate maintenance in no wise affect the common law right of action in favor of persons supplying necessaries to the wife. Such right of recovery still exists by force of the common law, if the wife is living separate from her husband because of his fault or wrong, or with his consent.

5. Whether the separation in a given case was because of the fault of the husband, or was with his consent, is a question of fact for the determination of the jury.

6. A new trial should not be granted in such case, for the reason that the person with whom the wife lived, and who brings suit after her death against her husband to recover for necessaries furnished her in her lifetime, in which suit the plaintiff prevails, had in his possession a letter written by the husband to the wife which the husband insists should have been produced in evidence upon the trial of such suit, no notification or request to produce the same having been given, it being cumulative evidence only.

[Opinion filed January 30, 1892.]

APPEAL from the Circuit Court of Pike County; the Hon. C. J. SCOFIELD, Judge, presiding.

Mr. W. E. WILLIAMS, for appellant.

Messrs. A. G. CRAWFORD and EDWARD YATES, for appellee.

BOGGS, J.    At the April term, 1891, of the Circuit Court of Pike County, the appellee, upon the verdict of a jury, recovered a judgment against the appellant in the sum of $150 for necessaries furnished the wife of appellant, including medical bills and the funeral expenses of the wife.

That the appellant's wife lived in appellee's family and was supported by him for nearly a year prior to her death, and that he incurred indebtedness for the services of a physician for her, and the expenses of her burial, in all equaling the amount of the judgment, is not questioned.

Counsel for appellant in his brief says: "The only question involved in this case under the pleadings and the proof is, whether or not the wife was, at the time the services were rendered, living separate and apart from the appellant without his fault." In this we think counsel is under some misapprehension as to the law. We think the question of whether she lived apart from him with his consent or acquiescence also arises in the case. At common law the husband was liable in an action at law at the suit of any person furnishing the wife with necessaries of life suitable to her condition, if she was residing apart from the husband because

of his wrong, or with his consent. 2 Kent, Com., 146; Schouler on Husband and Wife, Sec. 117.

The husband has uniformly been held liable for the funeral expenses of the wife, though at the time of her death she lived apart from him of her own fault. Patterson v. Patterson, 59 N. Y. 574; Bradshaw v. Beard, 12 Conn. (B. N. S.) 344.

No right of action at common law existed against the husband in favor of the wife either at law or in equity. She could therefore only rely upon obtaining credit from others who were given a right of action against the husband. If others declined to supply her wants in consideration of the right to sue the husband for their bills, the wife was, under the rules of the common law, practically helpless.

To remedy this defect our statute, giving a right of action to the wife directly against the husband by a bill in chancery, for separate maintenance, was enacted; but as it is not the policy of our law that husband and wife should live separate, the statute restricted the remedy thus provided for the wife to cases where the separation was " without her fault." The remedy of the statute can not, therefore, be invoked in cases of separation by mutual consent, but its enactment in nowise affected the common law right of action in favor of a person who supplied necessaries to the wife. Such right of recovery still exists by force of the common law, if the wife is living separate from the husband because of his fault or wrong, or with his consent. Evans v. Fisher, 5 Gilm. 569; Ross v. Ross, 69 Ill. 569.

Whether the separation in the case at bar was because of the fault of the husband, or was with his consent, was a question of fact for the determination of the jury. It must be conceded, that the evidence produced by the appellee did not show that the separation was because of the fault, or that it was with the consent of appellant. But the appellant testified quite fully as to the cause of the separation and his own testimony is, we think, sufficient evidence to support the finding of the jury. Unless error is found in the giving or refusing of instructions, the verdict and judgment must stand.

The only complaint as to the instructions is as to the refusal

of the court to give instructions numbered nine and ten asked by the appellant. Instruction number nine directed the jury that there could be no liability unless the appellant refused to furnish his wife with the necessaries of life at his residence, or abused her, or failed to discharge the duties of a husband so that she could no longer live with him.

This the court properly refused to give, because, as we have seen, a liability existed against the appellant if the separation was with his consent and acquiescence. The principle sought to be announced to the jury by instruction number ten is merely an abstract one, and which, so far as it is correct and applicable to the case, is fully stated in other instructions that were given.

The instructions given to the jury we think fully and fairly stated the law governing the matters at issue in the case. One of the grounds upon which a new trial is asked is, that appellee had in his possession a letter written by the appellant to his wife, which appellant insists ought have been produced in evidence. The appellee was not notified or requested to produce the letter, but if it be granted that it was his duty to have voluntarily done so, still we do not think the judgment should be disturbed.

The letter is but a written statement of appellant not under oath. The jury heard him fully under oath as to the entire married life of himself and deceased wife. No one contradicted him, and indeed his version of the conduct of himself and of his wife and of their troubles and separation was all that the jury knew about it. Upon his own testimony they condemned him. It would be very unreasonable to suppose that the unsworn statements of his own letter would have had greater weight than the detail of facts and circumstances testified to by him upon the witness stand. If admitted the latter would be but cumulative evidence.

The merits are, we think, with the appellee, and we do not find such error in the record as would justify a reversal. The judgment must be affirmed.

*Judgment affirmed.*