## In re Estate of Laura B. Gage, otherwise known as Laura B. Thomas, Deceased.

## Cora Franklin Stevens, Administratrix, Appellee, v. Ernest H. Williamson, Appellant.

### Gen. No. 26,191.

1. EXECUTORS AND ADMINISTRATORS—*priority of claims for funeral expenses.* Under Cahill's Ill. St. ch. 3, ¶ 71, claims for funeral expenses are placed in the first class. They are placed on an equality with, if not given precedence over, costs of administration.

2. EXECUTORS AND ADMINISTRATORS—*basis of priority of claim for funeral expenses.* Funeral expenses have always been regarded as necessary charges to be paid out of a decedent's estate, and it is intended by the law that funeral requirements should be furnished upon the credit of the estate rather than there should be any hesitation in rendering the services and furnishing the necessary articles until inquiry can be made as to who is liable to pay and his financial responsibility.

3. EXECUTORS AND ADMINISTRATORS—*liability of estate for funeral expenses where service rendered at third person's request.* An estate held liable for funeral expenses, although the undertaker was requested to take charge of the funeral by one who, although his marriage with the decedent had been held void, considered himself as her husband; although it was further held that such person would undoubtedly have been liable had the estate been unable to pay.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed November 1, 1921.

UNDERWOOD, STEVENS & TIMM, for appellant.

RAYMOND C. LYON, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

Appellant is an undertaker and officiated as such at

the funeral of the above-named decedent and furnished services and the usual articles needed in connection therewith. He filed his claim in the probate court amounting to $762.24, which was allowed for the sum of $500. The administratrix appealed from that order to the circuit court where the matter was heard by the court without a jury, and resulted in a finding in favor of the administratrix and disallowing the claim. Claimant has appealed from the judgment of the circuit court. No evidence was heard on behalf of the defendant.

The evidence shows that the decedent was formerly married to a man named Gage, from whom she obtained a divorce in this State in February, 1910; that she was afterwards married in Chicago to Dr. Walter N. Thomas on July 15, 1910, and that they thereafter lived together as husband and wife, until her death on July 24, 1918. At the time of her death Dr. Thomas considered himself her husband and requested the claimant to take charge of the funeral. Her heirs were her father, three brothers living in Chicago and a sister formerly residing in California but who came to Chicago for the funeral and approved practically all of the funeral arrangements. Subsequently this sister was appointed administratrix of the estate and she is the appellee herein.

The circuit court held that under the statute of this State the marriage between Dr. Thomas and the decedent, which took place on July 15, 1910, being within one year after decedent's divorce, was void and did not "make them man and wife." The court also held that Dr. Thomas having ordered the undertaker to proceed with the funeral, became responsible for the funeral expenses. Consequently the estate was discharged from liability for these expenses.

Under section 70, ch. 3, Rev. St. (Cahill's Ill. St. ch. 3, ¶ 71), claims for funeral expenses are placed in the first class as charges against any decedent's

estate. They are placed on an equality with, if not given precedence over, costs of administration. So far as we have been able to discover, such expenses have always been regarded as necessary charges to be paid out of the decedent's estate. No court in this State has ever adopted any contrary view. When death comes there is no one legally authorized to represent decedent's estate. The services of an undertaker and the necessary funeral articles must be furnished immediately. It is intended by the law that these things should be done upon the credit of the estate rather than that there should be any hesitation in rendering the services and furnishing the necessary articles until inquiry can be made as to who is liable to pay and his financial responsibility. This rule has been followed from a very early date in Massachusetts. *Fogg v. Holbrook*, 88 Me. 172, and authorities cited. The same rule has been followed in this State, so far as we know, without exception.

Appellee cites in support of the decision of the circuit court the case of *Hoffman v. Kanze*, 7 N. Y. Misc. 237, and *Sullivan v. Horner*, 41 N. J. Eq. 299. In both of these cases the courts held that these expenses may be recovered from the person upon whose credit they were incurred. We do not understand that these authorities are at variance with the rule above stated. Undoubtedly Dr. Thomas would have been liable for these expenses if the estate was unable to pay them. Two other cases are cited by appellee, in both of which the circumstances were materially different from those involved in the case at bar. In these cases it was evidently the intention of the persons who took charge of the funeral arrangements to pay the bill and to discharge the estate from all liability on account thereof.

A rehearing was allowed in this case, but after a further consideration of the questions involved we find no reason for changing our views as to the merits

of the case as expressed in our prior opinion. Owing to the fact that no evidence was heard on behalf of the estate in the circuit court, another trial in that court becomes necessary.

The judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.